IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERRELL JOVAN PARKER,**

    **Plaintiff,**

    v.                                                 CASE NO.  25-3106-EFM-ADM

**J. KIDD, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff Terrell Jovan Parker, a detainee at the Reno County Jail in Hutchinson, Kansas ("RCJ") at the time of filing, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*.

After receiving a *Martinez* Report in this case, the Court entered a show cause order (Doc. 11; "MOSC"). Plaintiff filed several responses, and the Court entered a Memorandum and Order (Doc. 24; "M&O") finding that Plaintiff's claims for excessive force and denial of medical care survived screening. The M&O also dismissed three defendants, found that Plaintiff failed to state an equal protection claim, and ordered the clerk to issue waiver of service forms to Defendant Kidd. Plaintiff then filed an Amended Complaint (Doc. 29; "AC"). This matter is before the Court for screening of the AC pursuant to 28 U.S.C. § 1915A(a). The Court's screening standards are set forth in the MOSC. *See* Doc. 11.

The AC includes the same excessive force claim that the Court already found survived screening. *See* M&O, Doc. 24, at 10. Plaintiff's primary purpose for filing the AC appears to be to add defendants. The M&O noted that Plaintiff made allegations about RCJ officers who were not named as defendants and that Plaintiff would need to file an amended complaint if he wanted

1

to add them. *Id*. at 11. In the AC, Plaintiff adds Cooper Dube, Deputy at the RCJ, and Levi Blumanhourst, Captain at the RCJ, as defendants.

The AC alleges that Dube chose to "make [Plaintiff] suffer for 2 and a half hours leaving the hand restraints on causing [Plaintiff] to lose feeling's in [his] hand." (Doc. 29, at 3.) The Court finds that Dube is properly named as a defendant.

As for Blumanhoerst, the AC alleges that he violated the Court's deadline for showing Plaintiff the video footage included in the *Martinez* Report by five days and would not allow Plaintiff to see video footage from a second camera in the A-cellhouse dayroom or footage from additional cameras in cells A-5 and A-1. (Doc. 29, at 4.) The AC further claims that Blumanhoerst called Plaintiff a terrorist as he handed him orders from the Court. *Id*.

The Court finds that Plaintiff has not stated a constitutional claim against Captain Blumanhoerst. Plaintiff's allegations about him do not demonstrate a denial of due process or other violation of Plaintiff's constitutional rights. Plaintiff may request additional video footage of the incident during discovery as this case proceeds.

In addition, the AC does not mention the denial of medical care claim that is included in the Complaint and that the Court previously found survived screening. Because an amended complaint supersedes the original complaint, the Court finds that Plaintiff has abandoned his denial of medical care claim. *See Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States,* 906 F.2d 1386, 1389 (10th Cir. 1990)). The case proceeds on Plaintiff's excessive force claim against Defendants Kidd and Dube.

**IT IS THEREFORE ORDERED** that Levi Blumanhoerst is dismissed from this action.

2

**IT IS FURTHER ORDERED** that Plaintiff's excessive force claim survives the Court's screening under 28 U.S.C. § 1915A. All other claims are dismissed.

**IT IS FURTHER ORDERED** that the Court directs the Clerk of the Court to prepare and issue a waiver of service form for Defendant Cooper Dube pursuant to Fed. R. Civ. P. 4(d) to be served upon the defendant at no cost to Plaintiff.

**IT IS SO ORDERED**.

Dated this 9th day of January, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE