IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRELL JOVAN PARKER,

    Plaintiff,

    v.                                        Case No.  25-3106-EFM-ADM

J. KIDD, et al.,

    Defendants.

## ORDER

Plaintiff Terrell Jovan Parker, a prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on Parker's motion for appointment of counsel. (ECF 33.) For the reasons explained below, the motion is denied without prejudice to refiling after the summary-judgment stage.

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). However, pursuant to 28 U.S.C. § 1915(e)(1), the district court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). But the court must also be mindful that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). In evaluating whether to appoint counsel under § 1915(e)(1), the court considers "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). A party requesting counsel has the burden "to convince the court that there is sufficient merit to [the] claim to warrant the appointment of counsel." *Id.* The fact that counsel could assist in

presenting the "strongest possible case" is not enough because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).

Parker asserts claims under 42 U.S.C. § 1983 against two deputies at the Reno County Jail. He claims the deputies used excessive force and seriously injured him when handcuffing him on April 30, 2025. Parker's claims against the two deputies survived initial screening by the court under 28 U.S.C. § 1915A(a). (ECF 8, 34.) Nevertheless, the court cannot say at this stage—with no discovery having taken place—that the claims are any more or less meritorious than other litigants' claims that survive screening. Parker does not state, and the court does not find, that the facts or legal issues involved are overly complex. Parker's filings demonstrate an adequate ability to communicate with the court. Parker asserts that counsel would be "helpful . . . to assist" him (ECF 33), but as mentioned above, the fact that counsel could assist in presenting a stronger case is not enough because "the same could be said in any case." *Steffey,* 461 F.3d at 1223.

On balance, the relevant factors weigh against appointing counsel under § 1915(e)(1) at this time. The court concludes that this is not a case in which justice requires the appointment of counsel. Parker's motion for appointment of counsel therefore is denied. However, the court will deny the motion without prejudice to it being renewed if Parker's claims survive summary judgment and proceed to trial.

**IT IS THEREFORE ORDERED** that Parker's motion for appointment of counsel (ECF 33) is denied without prejudice to refiling after the district judge rules on any summary judgment motions.

**IT IS SO ORDERED.**

Dated January 12, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge